UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Katherine Frederick,
    Plaintiff

    v.                              Case No. 14-cv-403-SM
                                      Opinion No. 2017 DNH 089
State of New Hampshire,
Department of Health
And Human Services,
    Defendant

**O R D E R**

Katherine Frederick was employed by the State of New Hampshire, Department of Health and Human Services ("DHHS" or the "Department") as a child support officer in its Conway, New Hampshire, office. Her employment was terminated on September 21, 2012. On September 21, 2014, Frederick filed this suit, advancing state and federal claims, including claims asserting Title VII (Pregnancy Discrimination Act) violations, retaliation, FMLA interference, and wrongful discharge. DHHS moved to dismiss all of Frederick's claims, and, on September 30, 2015, the court granted DHHS's motion, without prejudice to Frederick's filing an amended complaint.

On November 13, 2015, Frederick filed an amended complaint, asserting federal claims under Title VII (for gender

1

discrimination) and the Americans with Disabilities Act ("ADA"), as well as a claim for wrongful discharge under state law.  DHHS again moved to dismiss.  On August 16, 2016, the court granted DHHS's motion in part, dismissing Frederick's Title VII claim, but denied the motion with respect to Frederick's ADA and wrongful discharge claims.

On September 13, 2016, DHHS timely filed its answer, raising as an affirmative defense "all applicable immunities." Document No. 28.  Shortly thereafter, on October 26, 2016, DHHS filed a motion for judgment on the pleadings, asserting its immunity from suit under the Eleventh Amendment.  Frederick objects.

### Standard of Review

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  "The standard of review of a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6)." Marrero-Gutierrez v. Molina, 491 F.3d 1, 5 (1st Cir. 2007) (citations omitted).  Accordingly, "[t]he court accepts the plaintiff's well-pleaded facts as true and draws all reasonable

inferences in the plaintiff's favor." Holder v. Town of Newton, No. 09-CV-341-JD, 2010 WL 3211068, at *1 (D.N.H. Aug. 11, 2010) (citing Citibank Global Mkts., Inc. v. Santana, 573 F.3d 17, 23 (1st Cir. 2009)).  Judgment on the pleadings should be entered "only if the uncontested and properly considered facts conclusively establish the movant's entitlement to a favorable judgment." Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 54 (1st Cir. 2006).

## Discussion

In support of its motion, DHHS notes that the State has not consented to be sued in federal court with regard to claims under Title I of the ADA or for wrongful termination, nor has Congress validly abrogated the Eleventh Amendment with regard to the ADA.  Therefore, DHHS says, it is immune from this suit.

Frederick does not dispute DHHS's contention that the State is entitled to Eleventh Amendment immunity with respect to her ADA and wrongful termination claims.  Instead, she argues that the State waived its Eleventh Amendment immunity by voluntarily litigating the case on the merits.  Frederick points out that the case has been pending for over two years, during which time the court has ruled on two motions to dismiss filed by DHHS. That course of conduct, says Frederick, establishes the State's

intent to waive its immunity and litigate the case on the merits. Frederick argues that DHHS "kept its immunity chip in its back pocket" until the court declined to dismiss two of her claims in its order on DHHS's second motion to dismiss. Only then, Frederick says, did DHHS invoke its "immunity chip" to "get a do-over" in state court. Pl.'s Br. at 5. Therefore, she argues, DHHS should not be permitted to invoke the Eleventh Amendment because inconsistency and unfairness will result.

"The Eleventh Amendment provides that the 'Judicial power of the United States shall not be construed to extend to any suit . . . commenced or prosecuted against one of the States" by citizens of another State, U.S. Const., Amdt. 11, and (as interpreted) by its own citizens.'" Lapides v. Bd. of Regents, 535 U.S. 613, 618 (2002) (quoting Hans v. Louisiana, 134 U.S. 1, 10 (1890)). "As a general matter, 'states are immune under the Eleventh Amendment from private suit in the federal courts.'" Wojcik v. Mass. State Lottery Comm., 300 F.3d 92, 99 (1st Cir. 2002) (quoting Greenless v. Almond, 277 F.3d 601, 606 (1st Cir. 2002)).

However, "[a] State remains free to waive its Eleventh Amendment immunity from suit in a federal court." Lapides, 535 U.S. at 618. A state can waive its Eleventh Amendment immunity to suit in three ways: (1) by "clear declaration that it intends

to submit itself to the jurisdiction of a federal court;" (2) "by consent to or participation in a federal program for which waiver of immunity is an express condition;" or (3) "by affirmative conduct in litigation." Taylor v. U.S. Dept. of Labor, 440 F.3d 1, 5 (1st Cir. 2005) (quotations omitted).[1]  But, "[b]ecause the sovereign's decision to waive such immunity to suit must be 'altogether voluntary,' the 'test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one.'" Maysonet-Robles v. Cabrero, 323 F.3d 43, 50 (1st Cir. 2003) (quoting College Savs. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 675 (1999) (further quotations omitted)).

Frederick argues that the state has waived its Eleventh Amendment immunity through affirmative conduct in this litigation.  "As a general proposition, waiver by litigation conduct requires a showing that a state has voluntarily invoked the jurisdiction of the federal courts." Bergemann v. Rhode Island Dep't of Envtl. Mgmt., 665 F.3d 336, 340 (1st Cir. 2011)

---

[1]  Congress may also abrogate a State's sovereign immunity through legislation.  See Consejo de Salud de la Comunidad de la Playa de Ponce, Inc. v. Gonzalez-Feliciano, 695 F.3d 83, 103 (1st Cir. 2012).  However, in Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 360 (2001), the Supreme Court held that Congress did not effectively abrogate the states' immunity with respect to Title I of the ADA, and therefore suits in federal court by state employees to recover money damages are barred by the Eleventh Amendment.

5

(internal quotation marks, citation and alteration omitted). "If litigation conduct is to constitute a waiver of immunity, that conduct must be 'unambiguous' and 'must evince a clear choice to submit [the state's] rights for adjudication by the federal courts.'" Ramos-Pinero v. Puerto Rico, 453 F.3d 48, 52 (1st Cir. 2006) (quoting Maysonet-Robles, 323 F.3d at 52). In Lapides, 535 U.S. 613, for example, the Supreme Court determined that a state waived its Eleventh Amendment immunity by voluntarily invoking federal jurisdiction by removing a case to the federal courts. The Court explained that, when determining whether a state has indicated intent to waive immunity, the focus is on "the litigation act the State takes that creates the waiver." Lapides, 535 U.S. at 620.

Frederick fails to identify any particular act taken by DHHS that unambiguously suggests an intent to waive its Constitutional immunity. To the extent that she is arguing that DHHS indicated that intent by filing motions to dismiss, her argument is ineffective. See, e.g., Inacom Corp. v. Comm. of Mass., 2 F. Supp. 2d 150, 154-55 (D. Mass. 1998) ("Although the Commonwealth has done more than merely appear, most of its actions, including opposing a preliminary injunction on the merits and opposing discovery, were responses to initiatives by the plaintiff. The Commonwealth's other actions (moving for

6

additional time to answer, filing an answer, reserving the right to assert counterclaims, preparing for trial, and filing two motions to dismiss, one of which was based on the Eleventh Amendment bar) do not support a determination of waiver of or preclusion to assert Eleventh Amendment immunity."). See also Diaz v. Dep't of Educ., 823 F. Supp. 2d 68, 73 (D.P.R. 2011) ("the Court understands that the type of affirmative action that constitutes Eleventh Amendment immunity waiver is absent in this case. Even if, as Plaintiff argues, the DOE's behavior were to be considered as showing an unjustified and inexcusable lack of diligence, the Court cannot simply punish it by ignoring the Eleventh Amendment.). As our court of appeals has noted:

> The Supreme Court's cases are as clear as they are consistent in holding that a State only waives its immunity under the Eleventh Amendment when it voluntarily entreats a federal court to adjudicate its rights. That a State is haled into federal court as a defendant against its will and then defends itself once therein will not do. See Fla. Dept. of State v. Treasure Salvors, Inc., 458 U.S. 670, 683 n.18 (1982) ("The fact that the State appeared and offered defenses on the merits does not foreclose consideration of the Eleventh Amendment issue....").

Consejo de Salud de la Comunidad de la Playa de Ponce, Inc. v. Gonzalez-Feliciano, 695 F.3d 83, 104 (1st Cir. 2012) (additional citations and parentheticals omitted).

Here, the choice to litigate in federal court was Frederick's, not the State's. DHHS has appeared only to defend the action. DHHS has not asserted a counterclaim, filed a third-party action or taken any other affirmative conduct that would suggest it was "submit[ting] its rights for adjudication in the federal courts." New Hampshire v. Ramsey, 366 F.3d 1, 16 (1st Cir. 2004); see Paul N. Howard Co. v. Puerto Rico Aqueduct Sewer Auth., 744 F.2d 880, 886 (1st Cir. 1984) ("where [defendant] not only appeared but filed a counterclaim and a third-party complaint, we have little trouble concluding that [it] voluntarily submitted to the jurisdiction of the federal court, thereby waiving any Eleventh Amendment immunity it might or might not have enjoyed."); see also Candela Corp. v. Regents of Univ. of California, 976 F. Supp. 90, 92–93 (D. Mass. 1997) ("By removing the action, answering the complaint, counterclaiming, and opposing a motion to remand on immunity grounds, the [state] has clearly and unequivocally waived its Eleventh Amendment immunity to suit in the present case."). DHHS timely raised its immunity defense in its answer, and in its motion for judgment on the pleadings. Accordingly, the court cannot conclude that DHHS's conduct amounts to its having voluntarily invoked the jurisdiction of the court.

Finally, in support of her argument that it would be unfair to allow DHHS to invoke its Eleventh Amendment immunity, Frederick characterizes the proceedings in this action thus far as "extensive litigation on the merits." Pl.'s Reply Br. at 2. But, that characterization probably overstates the situation. While Frederick's case has been pending for over two years, litigation activity has concerned motions to dismiss. DHHS raised the immunity defense in its answer, and promptly filed a motion for judgment on the pleadings on that basis. The parties have not yet progressed to discovery. Given the suit's status, the out-of-circuit cases upon which Frederick relies in her briefing are distinguishable and unpersuasive. See Hill v. Blind Indus. & Servs., 179 F.3d 754, 758 (9th Cir. 1999) (finding waiver when defendants asserted Eleventh Amendment immunity on the first day of trial); Arizona v. Bliemeister (In re Bliemeister), 296 F.3d 858, 861 (9th Cir. 2002) (finding waiver when state asserted Eleventh Amendment immunity after failing to raise it in its answer, motion for summary judgment, or at oral argument on the merits before the court where that court announced its preliminary leanings).

## Conclusion

For the foregoing reasons, as well as those set forth in DHHS's memoranda (documents no. 29-1 and 33), DHHS's motion for judgment on the pleadings (document no. 29) is **GRANTED**.

The clerk of court shall enter judgment in accordance with this order, and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

May 5, 2017

cc: Benjamin T. King, Esq.
    Elizabeth A. Lahey, Esq.
    Lisa M. English, Esq.